1
2
3
4
5
6
7

**IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WASHINGTON
AT SEATTLE**

| | |
|---|---|
| AMERICAN FREEDOM DEFENSE INITIATIVE; PAMELA GELLER; and ROBERT SPENCER, | Case No. |
| Plaintiffs, | |
| -v.- | **COMPLAINT** |
| KING COUNTY, | [42 U.S.C. § 1983] |
| Defendant. | |

8
9
10
11
12
13
14

15   Plaintiffs American Freedom Defense Initiative (hereinafter referred to as "AFDI"),

16   Pamela Geller, and Robert Spencer (collectively referred to as "Plaintiffs"), by and through

17   their undersigned counsel, bring this Complaint against Defendant King County (hereinafter

18   referred to as "Defendant" or "King County"), its employees, agents, and successors in office,

19   and in support thereof allege the following upon information and belief:

20                          **INTRODUCTION**

21         1.      This case seeks to protect and vindicate fundamental constitutional rights.  It is a

22   civil rights action brought under the First and Fourteenth Amendments to the United States

23   Constitution and 42 U.S.C. § 1983, challenging Defendant's restriction on Plaintiffs' right to

24   engage in protected speech in a public forum created by Defendant based on the content and

25   viewpoint of Plaintiffs' message.   Defendant prohibited Plaintiffs from displaying an

COMPLAINT; Case No. _____        1

STEPHEN PIDGEON
Attorney at Law, P.S.
3002 Colby Avenue, Suite 306
Everett, Washington 98201
(425) 605-4774

advertisement on King County property based on Defendant's assertion that Plaintiffs' advertisement violates its Transit Advertising Policy ("Free Speech Restriction"), which operates as a prior restraint on Plaintiffs' speech.

2.    Plaintiffs seek a declaration that Defendant violated their clearly established constitutional rights as set forth in this Complaint; a declaration that Defendant's Free Speech Restriction violates the United States Constitution and 42 U.S.C. § 1983 as set forth in this Complaint; a preliminary and permanent injunction enjoining the enforcement of Defendant's Free Speech Restriction as set forth in this Complaint; and nominal damages for the past loss of Plaintiffs' constitutional rights.  Plaintiffs also seek an award of reasonable costs of litigation, including attorneys' fees and expenses, pursuant to 42 U.S.C. § 1988 and other applicable law.

## JURISDICTION AND VENUE

3.    This action arises under the Constitution and laws of the United States. Jurisdiction is conferred on this Court pursuant to 28 U.S.C. §§ 1331 and 1343.

4.    Plaintiffs' claims for declaratory and injunctive relief are authorized by 28 U.S.C. §§ 2201 and 2202, by Rules 57 and 65 of the Federal Rules of Civil Procedure, and by the general legal and equitable powers of this Court.  Plaintiffs' claim for nominal damages is authorized by 42 U.S.C. § 1983.

5.    Venue is proper under 28 U.S.C. § 1391(b) because a substantial part of the events or omissions giving rise to Plaintiffs' claims occurred in this district.

## PLAINTIFFS

6.    Plaintiff AFDI is an organization that is incorporated under the laws of the State of New Hampshire.  AFDI is a human rights organization dedicated to freedom of speech, freedom of conscience, freedom of religion, freedom from religion, and individual rights.

7.    AFDI achieves its objective through a variety of lawful means, including through the exercise of its right to freedom of speech under the United States Constitution.

COMPLAINT; Case No. _____          2

8.     AFDI exercises its right to freedom of speech and promotes its objectives by, *inter alia*, purchasing advertising space on transit authority property in major cities throughout the United States, including Seattle, Washington.   AFDI purchases these advertisements to express its message on current events and public issues, particularly including issues involving global terrorism (hereinafter referred to as "AFDI's advertising campaign").

9.     Plaintiff Pamela Geller is the president of AFDI, and she engages in protected speech through AFDI's activities, including AFDI's advertising campaign.

10.     Plaintiff Robert Spencer is the vice president of AFDI, and he engages in protected speech through AFDI's activities, including AFDI's advertising campaign.

## DEFENDANT

11.     Defendant King County is a municipal corporation.   In the performance of its governmental duties, Defendant King County operates a public transit system (King County Metro Transit), which includes more than 1,400 buses.

12.     As a governmental agency, Defendant is mandated to comply with the First and Fourteenth Amendments to the United States Constitution and 42 U.S.C. § 1983.

## STATEMENT OF FACTS

13.     Defendant leases space on the exterior of its buses for use as advertising space.

14.     Defendant accepts noncommercial and commercial advertisements for display on its advertising space.

15.     Defendant accepts noncommercial public service, public issue, and political issue advertisements, including advertisements on controversial issues, for display on its advertising space.

16.     Defendant has leased its advertising space for political and social commentary advertisements covering a broad spectrum of political views and ideas.

COMPLAINT; Case No. _____          3

17.    By policy and practice, Defendant has created a designated public forum for the display of public service, public issue, and political issue advertisements on its advertising space.

18.    Upon information and belief, Defendant leased its advertising space for an advertisement sponsored by the Federal Bureau of Investigation ("FBI") and / or the Joint Terrorism Task Force ("JTTF"), advertising global terrorism awareness ("FBI-JTTF Advertisement") as follows:



19.    A true and correct copy of the FBI-JTTF Advertisement is attached to this Complaint as Exhibit 1 and incorporated herein by reference.

20.    Upon information and belief, the FBI-JTTF Advertisement was displayed on Defendant's buses in or about June 2013.

21.    According to press reports, the FBI decided to terminate the FBI-JTTF Advertisement campaign after receiving complaints from politicians and advocacy groups that the list of wanted global terrorists pictured in the advertisement appeared to include mostly Muslim terrorists.

22.    The FBI publishes a listing of the world's most wanted global terrorists on its website.  That listing is located at: http://www.fbi.gov/wanted/wanted_terrorists/@@wanted-group-listing ("FBI Terrorist List").  A true and correct copy of the FBI Terrorist List is attached to this Complaint as Exhibit 2 and incorporated herein by reference.

23.    The FBI Terrorist List includes pictures and "wanted posters" for thirty-two terrorists.  Of the thirty-two listed terrorists, thirty are individuals with Muslim names and / or

1  are wanted for terrorism related to organizations conducting terrorism in the name of Islam.

2  True and correct copies of the wanted posters for each of the thirty-two listed terrorists are

3  attached to this Complaint as Exhibit 3 and incorporated herein by reference.

4       24.    Of the two non-Islamic terrorists, one (Daniel Andreas San Diego) has ties to

5  animal rights extremist groups and the other (Joanne Deborah Chesimard) is an escaped

6  murderer who was part of a revolutionary extremist organization known as the Black

7  Liberation Party.

8       25.    Additional advertisements accepted by Defendant for display on its advertising

9  space include the following:

10           a.    In or about 2012, Defendant permitted the display of a pregnancy

11  counseling center's advertisement that was sufficiently controversial that it was vandalized by a

12  sticker:

13
14
15  
16
17

18           b.    In or about 2009, Defendant permitted the display of a highly politicized

19  advertisement to "Save Gaza":

20
21
22  
23
24

25

COMPLAINT; Case No. _____          5

STEPHEN PIDGEON
Attorney at Law, P.S.
3002 Colby Avenue, Suite 306
Everett, Washington 98201
(425) 605-4774

c.      In or about December 2010, Defendant permitted the display of a controversial advertisement, "ISRAELI WAR CRIMES: YOUR TAX DOLLARS AT WORK," only to pull the advertisement under the credible threat of violence:



26.     Accordingly, Defendant permits, as a matter of policy and practice, a wide variety of commercial, noncommercial, public-service, public-issue, and political-issue advertisements on its advertising space (hereinafter "Free Speech Policy").

27.     Pursuant to Defendant's Free Speech Policy and particularly in light of the fact that Defendant permitted and displayed the FBI-JTTF Advertisement, Plaintiffs submitted for approval on or about July 30, 2013, an advertisement that was substantively similar to the FBI-JTTF Advertisement ("AFDI Advertisement").

28.     The AFDI Advertisement appears as follows:



29.     The AFDI Advertisement includes the identical pictures and names of the wanted global terrorists that appeared in the FBI-JTTF Advertisement.

30.     A true and accurate copy of the AFDI Advertisement is attached to this Complaint as Exhibit 4 and incorporated herein by reference.

COMPLAINT; Case No. _____          6

STEPHEN PIDGEON
Attorney at Law, P.S.
3002 Colby Avenue, Suite 306
Everett, Washington 98201
(425) 605-4774

31.     The AFDI Advertisement presents a similar educational and public service message as the FBI-JTTF Advertisement.   Both advertisements alert the public of the importance of stopping global terrorism by raising awareness of the threat and encouraging citizens to communicate with the appropriate government agencies when they have information leading to the possible whereabouts of a global terrorist.

32.     The message of the AFDI Advertisement is very timely in light of current world events where global terrorists are engaging in violent jihad against America's national security interests throughout the world and at home.

33.     Acceptance of political- and public-issue advertisements, specifically including Defendant's acceptance of the FBI-JTTF Advertisement, demonstrates that the forum is suitable for the AFDI Advertisement.

34.     On August 15, 2013, counsel for Plaintiffs received the following notice via email from Mr. Scott Goldsmith, Esq., the executive vice president and chief commercial officer of Titan Outdoor LLC (a/k/a Titan360 and Titan) (hereinafter "Titan"), the advertising agent working for and on behalf of Defendant to lease advertising space on Defendant's buses:

> From: Scott Goldsmith [mailto:Scott.Goldsmith@titan360.com]
> Sent: Thursday, August 15, 2013 3:02 PM
> To: david.yerushalmi@verizon.net
> Cc: rmuise@americanfreedomlawcenter.org
> Subject: AFDI proposed ad "FACES OF GLOBAL TERRORISM" cannot be accepted.
>
> David: Please see below. I am available to discuss. Thank you. Scott.
> *Scott E. Goldsmith, Esq.*
> EVP & Chief Commercial Officer
> 100 Park Avenue
> New York, NY 10017
> T  (212) 891-5688
> F  (212) 418-1082
> scott.goldsmith@titan360.com
> TITAN
> titan360.com

STEPHEN PIDGEON
Attorney at Law, P.S.
3002 Colby Avenue, Suite 306
Everett, Washington 98201
(425) 605-4774

From: Sharron Shinbo <Sharron.Shinbo@kingcounty.gov>
Date: Thursday, August 15, 2013 2:38 PM
To: Scott Goldsmith <Scott.Goldsmith@titan360.com>
Cc: Don Allman <Don.Allman@titan360.com>, Pamela Quadros <Pamela.Quadros@titan360.com>
Subject: AFDI proposed ad "FACES OF GLOBAL TERRORISM" cannot be accepted

Dear Mr. Goldsmith,

Based on our current advertising policy, the American Freedom Defense Initiative ad, "FACES OF GLOBAL TERRORISM", cannot be accepted. The advertisement does not comply with Subsections 6.2.4, 6.2.8 and 6.2.9, set forth below.

6.2.4   <u>False or Misleading</u>.  Any material that is or that the sponsor reasonably should have known is false, fraudulent, misleading, deceptive or would constitute a tort of defamation or invasion of privacy.

6.2.8   <u>Demeaning or Disparaging</u>.  Advertising that contains material that demeans or disparages an individual, group of individuals or entity.  For purposes of determining whether an advertisement contains such material, the County will determine whether a reasonably prudent person, knowledgeable of the County's ridership and using prevailing community standards, would believe that the advertisement contains material that ridicules or mocks, is abusive or hostile to, or debases the dignity or stature of any individual, group of individuals or entity.

6.2.9   <u>Harmful or Disruptive to Transit System</u>.  Advertising that contains material that is so objectionable as to be reasonably foreseeable that it will result in harm to, disruption of or interference with the transportation system.  For purposes of determining whether an advertisement contains such material, the County will determine whether a reasonably prudent person, knowledgeable of the County's ridership and using prevailing community standards, would believe that the material is so objectionable that it is reasonably foreseeable that it will result in harm to, disruption of or interference with the transportation system.

For your reference, I have attached a copy of Metro's Transit Advertising Policy.

35.     This email represents the final decision by Defendant to reject the AFDI Advertisement and thereby restrict Plaintiffs' speech.  ("Free Speech Restriction").

36.     Attached to the email was a document titled "Transit Advertising Policy," which is an official policy promulgated by Defendant.  This policy served as the basis for Defendant's

COMPLAINT; Case No. _____          8

STEPHEN PIDGEON
Attorney at Law, P.S.
3002 Colby Avenue, Suite 306
Everett, Washington 98201
(425) 605-4774

Free Speech Restriction.  A true and correct copy of the Transit Advertising Policy is attached to this Complaint as Exhibit 5 and incorporated herein by reference.

37.     Defendant's rejection of the AFDI Advertisement caused irreparable harm to Plaintiffs.

38.     Pursuant to clearly established First Amendment jurisprudence, the loss of First Amendment freedoms, for even minimal periods of time, unquestionably constitutes irreparable injury sufficient to warrant injunctive relief.

## FIRST CLAIM FOR RELIEF

### (Freedom of Speech—First Amendment)

39.     Plaintiffs hereby incorporate by reference all stated paragraphs.

40.     By reason of the aforementioned Free Speech Restriction, which includes Defendant's Transit Advertising Policy, created, adopted, and enforced under color of state law, Defendant has deprived Plaintiffs of their right to engage in protected speech in a public forum in violation of the Free Speech Clause of the First Amendment as applied to the states and their political subdivisions under the Fourteenth Amendment to the United States Constitution and 42 U.S.C. § 1983.

41.     Defendant's Free Speech Restriction, facially and as applied to Plaintiffs' speech, is content- and viewpoint-based in violation of the Free Speech Clause of the First Amendment.

42.     Defendant's Free Speech Restriction operates as a prior restraint on Plaintiffs' speech; therefore, it comes to this Court bearing a heavy presumption against its constitutional validity.

43.     Defendant's Free Speech Restriction, facially and as applied to Plaintiffs' speech, is unreasonable and an effort to suppress expression merely because public officials

COMPLAINT; Case No. _____          9

oppose the speaker's view, including the view expressed by Plaintiffs in the AFDI Advertisement.

44.     Defendant's Free Speech Restriction, facially and as applied to Plaintiffs' Speech, offends the First Amendment by granting a public official unbridled discretion such that the official's decision to limit speech is not constrained by objective criteria, but may rest on ambiguous and subjective reasons.

45.     Defendant's Free Speech Restriction, facially and as applied to Plaintiffs' speech, provides no objective guide for distinguishing between permissible and impermissible advertisements in a non-arbitrary, viewpoint-neutral fashion as required by the First Amendment.

46.     As a direct and proximate result of Defendant's violation of the Free Speech Clause of the First Amendment, Plaintiffs have suffered irreparable harm, including the loss of their constitutional rights, entitling them to declaratory and injunctive relief and nominal damages.

## SECOND CLAIM FOR RELIEF

### (Equal Protection—Fourteenth Amendment)

47.     Plaintiffs hereby incorporate by reference all stated paragraphs.

48.     By reason of the aforementioned Free Speech Restriction, which includes Defendant's Transit Advertising Policy, created, adopted, and enforced under color of state law, Defendant has unconstitutionally deprived Plaintiffs of the equal protection of the law guaranteed under the Fourteenth Amendment to the United States Constitution and 42 U.S.C. § 1983, in that Defendant is preventing Plaintiffs from expressing a message in a public forum based on the content and viewpoint of the message, thereby denying the use of this forum to those whose views Defendant finds unacceptable.

COMPLAINT; Case No. _____          10

49.     As a direct and proximate result of Defendant's violation of the Equal Protection Clause of the Fourteenth Amendment, Plaintiffs have suffered irreparable harm, including the loss of their constitutional rights, entitling them to declaratory and injunctive relief and nominal damages.

### THIRD CLAIM FOR RELIEF

### (Due Process—Fourteenth Amendment)

50.     Plaintiffs hereby incorporate by reference all stated paragraphs.

51.     By reason of the aforementioned Free Speech Restriction, which includes Defendant's Transit Advertising Policy, created, adopted, and enforced under color of state law, Defendant has unconstitutionally deprived Plaintiffs of the due process of law guaranteed under the Fourteenth Amendment to the United States Constitution and 42 U.S.C. § 1983.

52.     It is a basic principle of due process that a regulation is void for vagueness if its prohibitions are not clearly defined.

53.     Defendant's Free Speech Restriction, facially and as applied to Plaintiffs' Speech, offends the Fourteenth Amendment's guarantee of due process by granting a public official unbridled discretion such that the official's decision to limit speech is not constrained by objective criteria, but may rest on ambiguous and subjective reasons.

54.     Defendant's Free Speech Restriction, facially and as applied to Plaintiffs' Speech, is unconstitutionally vague in violation of the Fourteenth Amendment.

55.     As a direct and proximate result of Defendant's violation of the Due Process Clause of the Fourteenth Amendment, Plaintiffs have suffered irreparable harm, including the loss of their constitutional rights, entitling them to declaratory and injunctive relief and nominal damages.

### PRAYER FOR RELIEF

WHEREFORE, Plaintiffs ask this Court:

COMPLAINT; Case No. _____          11

A)      to declare that Defendant violated the First and Fourteenth Amendments to the United States Constitution as set forth in this Complaint;

B)      to preliminarily and permanently enjoin Defendant's Free Speech Restriction, which includes Defendant's Transit Advertising Policy, as set forth in this Complaint;

C)      to award Plaintiffs nominal damages for the past loss of their constitutional rights as set forth in this Complaint;

D)      to award Plaintiffs their reasonable attorney fees, costs, and expenses pursuant to 42 U.S.C. § 1988 and other applicable law; and

E)      to grant such other and further relief as this Court should find just and proper.

Respectfully submitted,

Stephen Pidgeon Attorney at Law, P.S.

/s/ Stephen Pidgeon
Stephen Pidgeon, Esq. WSBA # 25265
Attorney at Law, P.S.
3002 Colby Avenue, Suite 306
Everett, Washington 98201
attorney@stephenpidgeon.com
Tel: (425) 605-4774; Fax: (425) 818-5371

AMERICAN FREEDOM LAW CENTER

/s/ Robert J. Muise
Robert J. Muise, Esq.* (MI P62849)
P.O. Box 131098
Ann Arbor, Michigan 48113
rmuise@americanfreedomlawcenter.org
Tel: (734) 635-3756; Fax: (801) 760-3901

/s/ David Yerushalmi
David Yerushalmi, Esq.* (DC # 978179)
1901 Pennsylvania Avenue NW, Suite 201
Washington, D.C. 20001
david.yerushalmi@verizon.net
Tel: (646) 262-0500;Fax: (801) 760-3901

*Application for *pro hac vice* admission pending.

STEPHEN PIDGEON
Attorney at Law, P.S.
3002 Colby Avenue, Suite 306
Everett, Washington 98201
(425) 605-4774